# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STAN G. GOETZ, )
)
        **Plaintiff,** )
)
v. )   Case No. 09-1400-WEB
)
POLYMER GROUP, INC., )
FABPRO ORIENTED POLYMERS, LLC, )
and CHICOPEE, INC., )
)
        **Defendants,** )
)

## **MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion to compel complete answers to certain interrogatories and production requests. (Doc. 36). Defendant opposes the motion. For the reasons set forth below, the motion shall be DENIED.

## **Background**

This is a wrongful termination case. Highly summarized, plaintiff alleges that defendants terminated him based on his age (56 years old) and filled the position with a younger person in violation of the ADEA. Plaintiff also asserts that he was terminated in violation of ERISA § 510 because his wife, an insured person under defendant PGI's health care plan, had expensive cancer treatments in 2002 and 2005. Defendant contends that

plaintiff was terminated for safety violations.

## Motion to Compel

Plaintiff moves to compel defendants to answer Interrogatory Nos. 2, 3, 10-14, and Production Requests 13 and 14. Defendants counter that they agreed to supplement their answers to Interrogatory Nos. 2, 3, 11-14 and Production Requests 13 and 14; therefore, only Interrogatory No 10 remains in dispute. Plaintiff does not challenge defendants' assertion that Interrogatory No. 10 is the only remaining discovery request requiring judicial resolution.[1] Accordingly, the court addresses only Interrogatory No. 10.

Interrogatory No. 10 requests a list of all employees at the plant where plaintiff worked from January 1, 2003 to the present. In addition to the name and position of each employee, plaintiff requests (1) the date of hire, (2) date of termination, (3) nature of termination, (4) employee age, and (5) name and age of any replacement. Defendants provided information for those individuals who, like plaintiff, were terminated for safety violations from October 2, 2006 to October 2, 2008, the date of plaintiff's termination.[2] However, defendants argue that the discovery request, as written, is overly broad and unduly burdensome.

---

[1] Plaintiff filed no reply brief challenging any arguments asserted by defendant.

[2] On August 31, 2010, defendants agreed to expand the time frame and produce information concerning employees who were terminated from **June 11, 2004** to October 2, 2008. This additional information shall be produced based on defendants' agreement.

The court is satisfied that the period proposed by plaintiff for Interrogatory No. 10 is a reasonable period of time. Accordingly, the time period for answering Interrogatory No. 10 shall run from June, 2004 to October, 2008. The court is also persuaded that plaintiff's request for information concerning "every" employee terminated during this period of time is overly broad. Interrogatory No. 10 shall be limited to "similarly situated employees" that were terminated for violating safety rules. Because defendants have produced this information, the motion to compel shall be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 36)** is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 20th day of December 2010.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge